UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
OFF-WHITE LLC, :
:
                      Plaintiff, :
: 19 Civ. 8531 (JPC)
            -v- :
: MEMORANDUM OPINION
2019CHEAPJORDAN.COM et al., : AND ORDER
:
                    Defendants. :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In the nearly two years since the commencement of this action, no Defendants have appeared. Accordingly, Plaintiff Off-White LLC has moved for default judgment. Before the Court is Off-White's motion and its proposed final default judgment and permanent injunction order. The Court held a show-cause hearing regarding Off-White's motion for default judgment on February 1, 2021. No Defendants appeared at that hearing. By separate order filed today, the Court entered a final default judgment and permanent injunction order and awarded damages to Off-White. In this Memorandum Opinion and Order, the Court explains its reasoning for denying certain relief that Off-White requested.

**I. Background**

Off-White initiated this action on September 13, 2019. Dkts. 1-2. According to the Complaint, Off-White owns a "high-end lifestyle streetwear line of men's and women's apparel," which it markets under two Off-White trademarks. Dkt. 6 ("Complaint" or "Compl.") ¶¶ 7-8. Off-White alleges that the twenty-five remaining Defendants (the "Defaulting Defendants")[1] operate

---

[1] The Complaint initially included twenty-six Defendants, but Defendant amfreeshop.com was voluntarily dismissed on October 9, 2019. *See* Dkts. 18, 19.

websites that sell counterfeit Off-White products.  *Id.* ¶¶ 6, 22-37.  Against all Defendants, Off-White brought Lanham Act claims for trademark counterfeiting, trademark infringement, and other related claims, as well as a claim for unfair competition under New York law.  *Id.* ¶¶ 38-74, 83-98.  Against two Defendants—offwhite.us.org and offwhiteshoes.us—Off-White also brought a claim for cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).  Compl. ¶¶ 75-82.  On September 13, 2019, the Honorable Victor Marrero granted a temporary restraining order ("TRO"), which, among other relief, required financial institutions to locate and attach Defendants' financial accounts.  Dkt. 15 at 8; *see also* Dkt. 3.  Two weeks later, Judge Marrero granted a preliminary injunction, which left in place through the pendency of this litigation the injunctive relief granted by the TRO.  Dkt. 5 at 1.  On September 24, 2019, Defendants were served by electronic means, authorized by Judge Marrero, which triggered an answer due date of October 15, 2019.  *See* Dkt. 16.  No Defendants appeared or answered the Complaint

This case was reassigned to the undersigned on September 29, 2020.  A Clerk's Certificate of Default as to the Defaulting Defendants was entered on November 24, 2020.  Dkt. 25.  On November 30, 2020, Off-White filed a motion for default judgment and a permanent injunction as to those Defendants, Dkt. 26, a memorandum of law in support of its motion, Dkt. 27 ("Motion"), an affidavit of Brieanne Scully in support of Off-White's motion, Dkt. 28, and a proposed final default judgment and permanent injunction order, Dkt. 29 ("Proposed Order").  Off-White served its motion on the Defaulting Defendants that same day.  *See* Dkt. 30 ¶ 5.

On December 21, 2020, the Court ordered the Defaulting Defendants to file any opposition to Off-White's default judgment motion by January 8, 2021.  Dkt. 31.  No Defendant did so.  On February 1, 2021, the Court held a hearing to show cause why default judgment should not be entered against the Defaulting Defendants.  No Defendant appeared at that hearing.

## II. Discussion

Off-White seeks the following relief: (1) entry of a final judgment and permanent injunction by default as to the Defaulting Defendants; (2) an award of $75,000 in statutory damages pursuant to the Lanham Act, 15 U.S.C. § 1117(c), plus post-judgment interest, against each of those Defendants; (3) an order transferring the allegedly infringing domain names of Defendants offwhite.us.org and offwhiteshoes.us; (4) a post-judgment asset restraining order; and (5) an order authorizing the release and transfer of the Defaulting Defendants' frozen assets to satisfy the damages awarded to Off-White. Motion at 1.

**A. Permanent Injunctive Relief**

The Lanham Act allows a court to impose a permanent injunction. *See* 15 U.S.C. § 1116. A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "Permanent injunctions are generally granted where liability has been established and there is a threat of continuing infringement." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018) (quoting *Complex Sys., Inc. v. ABN AMRO Bank. N.V.*, No. 08 Civ. 7497 (KBF), 2014 WL 1883474, at *11 (S.D.N.Y. May 9, 2014)).

This Court recently addressed a request for a permanent injunction in a similar case. *See Allstar Mktg. Grp. v. AFACAI*, No. 20 Civ. 8406 (JPC), 2021 WL 2555636 (S.D.N.Y. June 22, 2021). Off-White has met its burden to show the need for a permanent injunction for substantially the same reasons as the plaintiff in that case. *See id.* at *2. In short, Off-White has shown that it

faces a threat to its goodwill due to potential reputational injury and that the Defaulting Defendants will likely continue to infringe its trademark absent an injunction. Further, the balance of hardships weighs in favor of the injunction, as does the public interest. *See id.*

However, as in *Allstar Marketing Group v. AFACAI*, the Court denies certain permanent injunctive relief that Off-White seeks. First, Off-White requests to extend the permanent injunction to not only the Defaulting Defendants, but also to their "officers, agents, servants, employees, *successors and assigns* and all persons acting in concert with or under the direction of" the Defaulting Defendants. Proposed Order III(1) (emphasis added). "Injunctive relief pursuant to Rule 65 [of the Federal Rules of Civil Procedure] is limited to certain individuals, assuming they receive actual notice of the injunction: '(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." *Allstar Mktg. Grp. v. AFACAI*, 2021 WL 2555636, at *3 (quoting Fed. R. Civ. P. 65(d)(2)). If "successors and assigns" are in "active concert" with the Defaulting Defendants (or their officers, agents, servants, employees, or attorneys), they will be covered by the permanent injunction that this Court has ordered. *See id.* But "to the extent successors or assigns are not in active concert or participation with the Defaulting Defendants (or their officers, agents, servants, employees, or attorneys), injunctive relief as to them would not be permissible under Rule 65(d)(2)." *Id.* Therefore, the Court has removed the reference to "successors and assigns" in the Proposed Order and has replaced the word "concert" with the phrase "active concert" in order to track the language of Rule 65(d)(2). *See id.*

Second, the Court has removed section III(1)(E) of the Proposed Order because it is overbroad. As explained in *Allstar Marketing Group v. AFACAI*, the language of this section appears to go beyond the products at issue here. *See* 2021 WL 2555636, at *4.

4

## B. Execution of the Judgment

Off-White also seeks a post-judgment asset restraint and transfer order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and the Court's "inherent equitable powers." *See* Proposed Order VII. The Court denies this request for the same reasons as articulated in *Allstar Marketing Group v. AFACAI*, 2021 WL 2555636, at *5-8, which in turn largely adopted the reasoning of the court in *Allstar Marketing Group v. 158*, No. 18 Civ. 4101 (GHW), 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019).

Rule 64, Rule 65, and section 1116(a) do not govern the relief that Off-White seeks. Instead, "the appropriate applicable law here is found at Rule 69 and, by extension, sections 5222 and 5225 of the N.Y. C.P.L.R." *Allstar Mktg. Grp. v. AFACAI*, 2021 WL 2555636 at *7. Applying these rules, the Court again concludes that the Proposed Order "is in conflict with the procedural requirements of Rule 69 and New York state law." *Id.* In short, there are several problems with Off-White's Proposed Order. First, it "does not allow a third party to defend any interests that the third party may have in the property or funds at issue." *Id.* at *7. Second, it does not allow the Court "to make the findings that section 5225 requires." *Id.* Third, Off-White's motion "says nothing of the Court's jurisdiction over any third parties" in possession of certain property at issue, "nor does it provide any facts that would allow the Court to make such a finding." *Id.* Fourth, the Proposed Order "seeks to endow [Off-White] with the power to garnish assets yet to be discovered from individuals and entities yet to be identified." *Id.* The Court thus denies Off-White's request for a post-judgment asset restraint and transfer order. However, this is not meant to preclude Off-White's "ability to pursue any remedies available under the N.Y. C.P.L.R." *Id.* at *8; *accord Allstar Mktg. Grp. v. 158*, 2019 WL 3936879, at *4 ("Despite the Court's refusal to enter the default judgment as proposed, Plaintiff is free to pursue any remedies available to it under the C.P.L.R.").

Further, the Court dissolves the automatic 30-day stay imposed by Rule 62 to allow for immediate enforcement of the judgment. *See Allstar Mktg. Grp. v. AFACAI*, 2021 WL 2555636, at *8.

**C. Domain Name Transfer**

Finally, Off-White seeks an order transferring certain Defendants' domain names to Off-White's control. *See* Proposed Order IV. At the show cause hearing, Off-White confirmed that it only seeks the transfer of the domain names for two Defendants: offwhite.us.org and offwhiteshoes.us. 2/1/2021 Tr. at 22. The Proposed Order would essentially allow three forms of relief. First, these two Defendants would be ordered to immediately transfer the infringing domain names to Off-White. Proposed Order IV(A). Second, if these Defendants did not do so, third-party providers would have to "change the registrar(s) of record for the Infringing Domain Names to a registrar of [Off-White's] choosing, thereby transferring the Infringing Domain Names to [Off-White]." *Id.* Third, if Off-White discovered new infringing domain names operated by any of the Defaulting Defendants, it could request that third-party providers transfer them to Off-White's control. *Id.* IV(B).

Pursuant to the Anticybersquatting Consumer Protection Act, "a court may order . . . the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(C). Thus, the portion of the Proposed Order requiring Defendants offwhite.us.org and offwhiteshoes.us to transfer the domain names to Off-White is permitted under the text of the statute, and the Court granted this relief. However, Off-White has failed to explain why the Court can order a non-party to this action to transfer domain names to Off-White. Off-White did not address this relief in its memorandum of law in support of its motion, *see generally* Motion, and did not elaborate much at the show cause hearing either, *see* 2/1/2021 Tr. at 23.

The Anticybersquatting Consumer Protection Act outlines a procedure for filing an "in rem

civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(A). But Off-White has made no showing that it seeks relief, let alone is entitled to relief, under this statutory provision. Similarly, the Court lacks any way of confirming that it has jurisdiction over any third-party providers that may operate the domain names at issue. *Cf. Virgin Enters. Ltd. v. Enom, Inc.*, No. 08 Civ. 328 (JGK), 2008 WL 4054418, at *3 n.3 (S.D.N.Y. Aug. 18, 2008) (noting that because the non-party manager of the domain name "maintain[ed] offices in New York City," it was therefore "located in this district for purposes of *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(A)"). Accordingly, the Court declined to include the language in the Proposed Order that would have required third-party providers to transfer domain name ownership to Off-White.

The Court also declined to enter section IV(B) of the Proposed Order. This would allow Off-White to obtain transfer of other domain names it discovers in the future without having to seek any such relief from the Court. In addition to the above-described problems associated with Off-White's request to require unidentified non-parties to transfer domain name ownership to Off-White, this requested relief as to future and unknown third-parties raises similar concerns as those expressed with regard to Off-White's request for an order that would allow it to garnish assets "yet to be discovered from individuals and entities yet to be identified." *Allstar Mktg. Grp. v. AFACAI*, 2021 WL 2555636, at *7; *accord Allstar Mktg. Grp. v. 158*, 2019 WL 3936879, at *4 ("The relief which Plaintiff seeks is essentially equivalent to a 'fill in the blank' order, which Plaintiff can serve at will in the future to brandish the Court's authority over unknown third-parties, the identities of whom are unknown to the Court and over whom the Court may not possess personal jurisdiction.").

The domain name transfer provision in the Proposed Order thus is overbroad and Off-White has not made a sufficient showing that the relief sought is appropriate, except for the portion that requires the two offending Defendants to transfer their domain names to Off-White.

SO ORDERED.

Dated: July 14, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge